1

2

3

4

5

6

7

**FILED**
CLERK, U.S. DISTRICT COURT

**7/29/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                      June 2022 Grand Jury

11  UNITED STATES OF AMERICA,          CR   2:22-cr-00347-MCS

12            Plaintiff,               I N D I C T M E N T

13            v.                       [18 U.S.C. § 1344(2): Bank Fraud;
                                       18 U.S.C. § 1028A(a)(1):
14  JULIE ANN RAINBIRD,                Aggravated Identity Theft;
                                       18 U.S.C. § 1014: False Statement
15            Defendant.               to a Bank; 18 U.S.C. § 1028(a)(7):
                                       Unlawful Transfer, Possession, and
16                                     Use of Means of Identification;
                                       18 U.S.C. § 1029(a)(3): Possession
17                                     of Fifteen or More Unauthorized
                                       Access Devices; 18 U.S.C. §§ 982
18                                     and 1029: Criminal Forfeiture]

19

20       The Grand Jury charges:

21                   COUNTS ONE THROUGH SEVEN

22                      [18 U.S.C. § 1344(2)]

23  A.   INTRODUCTORY ALLEGATIONS

24       At times relevant to this Indictment:

25       1.   Bank of America, National Association ("Bank of America"),

26  Eaglemark Savings Bank ("Eaglemark"), First National Bank of Omaha

27  ("First National"), and Wells Fargo, National Association ("Wells

28

1  Fargo") were financial institutions insured by the Federal Deposit

2  Insurance Corporation.

3      2.   Eaglemark, a subsidiary of Harley-Davidson Credit Corp.,

4  financed loans for the purchase of Harley-Davidson Motorcycles.

5  B.   THE SCHEME TO DEFRAUD

6      3.   Beginning on a date unknown to the Grand Jury, but no later

7  than on or about July 27, 2018, and continuing until on or about May

8  21, 2019, in Los Angeles and Ventura Counties, within the Central

9  District of California, and elsewhere, defendant JULIE RAINBIRD,

10 knowingly and with intent to defraud, executed a scheme to obtain

11 monies, funds, credits, assets, and other property owned by and in

12 the custody and control of Bank of America, Eaglemark, First

13 National, and Wells Fargo by means of materially false and fraudulent

14 pretenses, representations, and promises, and the concealment of

15 material facts.

16     4.   The fraudulent scheme operated in the following manner:

17         a.   Defendant RAINBIRD would obtain names, dates of birth,

18 social security numbers, bank account numbers, and other personal

19 identifying information of victims.

20         b.   Without permission or authorization, defendant

21 RAINBIRD would use victims' personal identifying information to open

22 bank and credit accounts in the victims' names.

23         c.   Defendant RAINBIRD would use the victims' bank and

24 credit accounts, and personal identifying information, to make

25 fraudulent purchases.  In doing so, defendant RAINBIRD would falsely

26 represent that she was the account holder and authorized to make the

27 purchase with the victim's account, and would conceal that she was

28

1  not the account holder and was not authorized to make purchases with

2  the victim's account.

3  C.    THE EXECUTION OF THE FRAUDULENT SCHEME

4      5.    On or about the following dates, in Los Angeles and Ventura

5  Counties, within the Central District of California, and elsewhere,

6  defendant RAINBIRD committed the following acts, each of which

7  constituted an execution of the fraudulent scheme:

| COUNT | DATE | COUNTY | ACT |
|---|---|---|---|
| ONE | July 27, 2018 | Los Angeles | Used a Bank of America account belonging to victim W.O. to make a down payment in the amount of $4,000.00 for the purchase of a vehicle from Road Runner Auto Group Inc. in Canoga Park, California |
| TWO | August 7, 2018 | Los Angeles | Used a Bank of America account belonging to victim W.O. to make a purchase in the amount of $5,950.12 from Ken & Joe's Honda – Kawasaki – KTM in Santa Clarita, California |
| THREE | August 8, 2018 | Los Angeles | Used a Bank of America account belonging to victim W.O. to make a purchase in the amount of $924.93 from Ken & Joe's Honda – Kawasaki – KTM in Santa Clarita, California |
| FOUR | August 9, 2018 | Los Angeles | Used a Bank of America account belonging to victim W.O. to make a purchase in the amount of $1,466.36 from Ken & Joe's Honda – Kawasaki – KTM in Santa Clarita, California |

26  //

27  //

28

3

| COUNT | DATE | COUNTY | ACT |
|-------|------|--------|-----|
| FIVE | August 15, 2018 | Los Angeles | Used a Bank of America account belonging to victim W.O. to make a purchase in the amount of $628.15 from Ken & Joe's Honda – Kawasaki – KTM in Santa Clarita, California 628.15 |
| SIX | November 15, 2018 | Los Angeles | Opened and used an Eaglemark credit account in the name of victim A.S. to finance a purchase in the amount of $11,959.57 from Harley-Davidson of Glendale in Glendale, California |
| SEVEN | April 10, 2019 | Ventura | Used a First National account in the name of victim M.S. to make a down payment in the amount of $1,350.00 for the purchase of a motorcycle from Simi Valley Cycles in Simi Valley, California |

COUNT EIGHT

[18 U.S.C. § 1028A(a)(1)]

On or about November 15, 2018, in Los Angeles County, within the Central District of California, defendant JULIE ANN RAINBIRD knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant RAINBIRD knew belonged to another person, namely, the name, date of birth, and social security number of A.S., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Six of this Indictment.

COUNT NINE

[18 U.S.C. §§ 1014, 2(b)]

On or about November 15, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant JULIE ANN RAINBIRD knowingly made, and willfully caused to be made, false statements to Eaglemark Savings Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of Eaglemark Savings Bank, in connection with a credit application to obtain a loan from Eaglemark Savings Bank for the purchase of a motorcycle, in that, in such application, defendant RAINBIRD falsely stated that her name was A.S., her birthday was in April 1982, and that her social security number was A.S.'s social security number, when in fact, as defendant RAINBIRD then knew, her name was not A.S., her birthday was not in April 1982, and that social security number did not belong to her.

COUNT TEN

[18 U.S.C. §§ 1014, 2(b)]

On or about April 4, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant JULIE ANN RAINBIRD knowingly made, and willfully caused to be made, false statements to Wells Fargo, N.A., an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of Wells Fargo N.A., in connection with a consumer account application, in that, in such application, defendant RAINBIRD falsely stated that her name was M.S., her birthday was in May 1972, her social security number was M.S.'s social security number, and her California driver's license number was M.S.'s California driver's license number, when in fact, as defendant RAINBIRD then knew, her name was not M.S., her birthday was not in May 1972, and M.S.'s social security number and California's driver's license number did not belong to her.

                              COUNT ELEVEN

                        [18 U.S.C. § 1028A(a)(1)]

     On or about April 4, 2019, in Los Angeles County, within the
Central District of California, defendant JULIE ANN RAINBIRD
knowingly transferred, possessed, and used, without lawful authority,
means of identification that defendant RAINBIRD knew belonged to
another person, namely, the name, date of birth, social security
number, and California driver's license number of M.S., during and in
relation to the offense of False Statement to a Bank, a felony
violation of Title 18, United States Code, Section 1014, as charged
in Count Ten of this Indictment.

COUNT TWELVE

[18 U.S.C. § 1028(a)(7)]

On or about April 10, 2019, in Los Angeles County, within the Central District of California, defendant JULIE ANN RAINBIRD knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, namely, the name, social security number, date of birth, and California driver's license number of M.S., in and affecting interstate and foreign commerce, with the intent to commit, and in connection with the commission of, a violation of federal law, namely, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2).

COUNT THIRTEEN

[18 U.S.C. § 1029(a)(3)]

On or about May 21, 2019, in Los Angeles County, within the
Central District of California, defendant JULIE ANN RAINBIRD,
knowingly and with intent to defraud, possessed at least fifteen
unauthorized access devices (as defined in Title 18, United States
Code, Sections 1029(e)(1) and (3)), namely, approximately 86 credit
and debit card numbers, 1,273 bank account numbers, and 1,727 social
security numbers, all belonging to persons other than defendant
RAINBIRD, with said possession affecting interstate and foreign
commerce.

COUNT FOURTEEN

[18 U.S.C. § 1028A(a)(1)]

On or about May 21, 2019, in Los Angeles County, within the Central District of California, defendant JULIE ANN RAINBIRD knowingly possessed, without lawful authority, a means of identification that defendant RAINBIRD knew belonged to another person, namely, the name of M.T., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Thirteen of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Twelve of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in either of Counts Thirteen or Fourteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b)    Any personal property used or intended to be used to commit the offense; and

(c)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

13

1   court; (d) has been substantially diminished in value; or (e) has

2   been commingled with other property that cannot be divided without

3   difficulty.

4                                        A TRUE BILL

5

6                                        _____/S/_____

7                                        Foreperson

8   STEPHANIE S. CHRISTENSEN
    Acting United States Attorney

9

10

11  SCOTT M. GARRINGER
    Assistant United States Attorney

12  Chief, Criminal Division

13  JOSHUA O. MAUSNER
    Assistant United States Attorney

14  Deputy Chief, General Crimes
    Section

15

16  KEITH D. ELLISON
    Assistant United States Attorney

17  International Narcotics,
     Money Laundering, and
     Racketeering Section

18

19

20

21

22

23

24

25

26

27

28

                                14